PS/CD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

KELLY OSARIEMEN,

        Petitioner,

    v.                                       Case # 18-CV-6792-FPG
                                                DECISION AND ORDER

ATTORNEY GENERAL OF THE UNITED
STATES, FIELD OFFICE DIRECTOR FOR
DETENTION AND REMOVAL,
DEPARTMENT OF HOMELAND
SECURITY and FACILITY DIRECTOR,
BUFFALO FEDERAL DETENTION
FACILITY,

        Respondents.

---

      Pro se Petitioner Kelly Osariemen is a civil immigration detainee currently held at the Buffalo Federal Detention Facility. Subject to a final order of removal, Petitioner claims that he has been in U.S. Immigration and Customs Enforcement custody beyond the 90-day removal period and is being detained in violation of the Constitution. *See generally* 8 U.S.C. § 1231(a)(1) (Attorney General, succeeded by the Secretary of Homeland Security for this purpose, must remove alien within 90 days of final order of removal), (a)(6) ("An alien ordered removed . . . may be detained beyond the [90-day] removal period . . ."); *Zadvydas v. Davis*, 533 U.S. 678, 700-01 (2001) (presumptive limit to reasonable duration of detention under § 1231(a)(6) is six months; after six months, "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the [g]overnment must respond with evidence sufficient to rebut that showing"). Petitioner seeks relief under 28 U.S.C. § 2241. ECF No. 3. He also filed an *in forma pauperis* motion (ECF No. 2), which is granted. *See* 28 U.S.C. § 1915(a)(1).

Petitioner also moved to appoint counsel and to seal documents. ECF Nos. 4, 6. His motion to appoint counsel is denied without prejudice as premature. Counsel may be appointed in a habeas corpus proceeding if the interests of justice so require. *See* 18 U.S.C. § 3006A(a)(2)(B). Whether the interests of justice require the appointment of counsel in this case cannot be determined until after the Court has had an opportunity to review and consider the Respondents' answer to the Petition. With respect to Petitioner's request to seal "ALL documents filed by the Parties in this case" and redact the names of Petitioner and witnesses in "any docket[ed] information" (ECF No. 6 at 1), Petitioner offers no basis to warrant granting such a broad request. Accordingly, the motion to seal is denied.

## **ORDER**

Petitioner's *in forma pauperis* motion is granted (ECF No. 2) and his motions to appoint counsel and to seal documents (ECF Nos. 4, 6) are denied.

Within 45 days of the date of this Order, Respondents must file and serve an answer responding to the allegations in the Petition. Respondents must also file and serve a memorandum of law addressing each of the issues raised in the Petition with citations to supporting authority and applicable sections of the Immigration and Nationality Act. Instead of an answer, Respondents may file a motion to dismiss the Petition with appropriate exhibits demonstrating that an answer to the Petition is unnecessary. Petitioner will have 25 days after he receives Respondents' answer or motion to dismiss to file a written response.

The Clerk of Court will serve a copy of the Petition and this Order via a Notice of Electronic Filing to the United States Attorney's Office, Western District of New York, at USANYW-Immigration-Habeas@usdoj.gov.

Petitioner must forward a copy of all future papers and correspondence to the attorney appearing for Respondents.

IT IS SO ORDERED.

Dated: January 4, 2019
      Rochester, New York

                                  HON. FRANK P. GERACI, JR.
                                  Chief Judge
                                  United States District Court